UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DELPHI CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> LITEX, INC., <br><br> Defendant. | Civil Action No. <br> 05 10415 WGY |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiff Delphi Corporation ("Delphi"), for its Complaint against defendant Litex, Inc. ("Litex"), alleges as follows:

### INTRODUCTION

1. This is an action to enforce a settlement agreement, a general release, and a Stipulation of Dismissal with Prejudice entered by the Honorable William G. Young of this Court in a previous litigation between the parties. *See Litex v. Delphi*, Civil Action No. 01-CV-10910 (WGY) ("*Litex I*"). On November 11, 2003, Litex executed a settlement agreement and general release in *Litex I*. The following day, Litex stipulated to a dismissal with prejudice in that case. In flagrant violation of the settlement agreement, general release and stipulation of dismissal entered in *Litex I*, Litex has recently threatened to file an action in California state court in which it intends to assert claims based on events that allegedly occurred *before* the dismissal of *Litex I* and *before* it signed the general release. Litex had full knowledge of these events and claims during the pendency of *Litex I*. Indeed, in *Litex I* and in a binding arbitration

that the parties agreed to as part of the settlement of *Litex I*, Litex relied upon the same baseless factual allegations that it now seeks to assert in California state court.

2.      In the Stipulation of Dismissal that he entered in *Litex I*, Judge Young ordered that "[t]his Court shall retain jurisdiction for the purpose of enforcing the parties' settlement." (A true and accurate copy of the Stipulation of Dismissal from *Litex I* is attached hereto as Exhibit A). Delphi has filed this Complaint to enforce the parties' settlement and to obtain a declaration that that the claims Litex has threatened to assert in California state court are barred by the settlement agreement, release, and stipulation of dismissal entered in *Litex I*, and by the binding decision entered by the arbitrator in connection with the settlement of *Litex I*.

## PARTIES

3.      Plaintiff Delphi is a Delaware corporation with its principal place of business at 5725 Delphi Drive, Troy, Michigan 48098. Delphi was formerly known as Delphi Automotive Systems Corporation, which was a defendant in *Litex I*.

4.      On information and belief, defendant Litex is a Delaware corporation with places of business at 15260 Ventura Blvd., Suite 1220, Sherman Oaks, CA 91403 and 2235 Massachusetts Ave., Cambridge, MA 02140.

## JURISDICTION AND VENUE

5.      This Court may enter the declaratory relief sought in this Complaint because this case presents an actual controversy within this Court's jurisdiction. *See* 28 U.S.C. §§ 2201, 2202.

6.      This Court has jurisdiction over this matter because, among other reasons, it previously ordered that it "shall retain jurisdiction for the purpose of enforcing the parties'

settlement" and the parties stipulated to the Court's exercise of jurisdiction for the purpose of enforcing the settlement. *See* Ex. A.

7. Venue is proper in this judicial district because Litex resides in this district and because a substantial part of the acts giving rise to this claim occurred in this district. *See* 28 U.S.C. § 1391.

## FACTS

### Litex filed suit against Delphi in Massachusetts Federal District Court

8. On May 25, 2001, Litex filed *Litex I*, in which it alleged that Delphi was liable for infringement of two patents licensed to Litex. *Litex I* was originally assigned to the Honorable Joseph Tauro.

9. On January 7, 2002, Delphi filed counterclaims against Litex in *Litex I*.

10. On April 11, 2002, this Court entered a Stipulation and Protective Order that governs the exchange and use of confidential information disclosed in *Litex I*. A true and accurate copy of the Stipulation and Protective Order is attached hereto as Exhibit B.

11. On November 3, 2003, after the parties had completed over two years of discovery and engaged in extensive motion practice (including dispositive motions), the trial in *Litex I* began.

12. As a basis for its damages claim against Delphi in *Litex I*, Litex asserted that Delphi's press releases, statements in its annual report, and alleged discussions with other automotive companies had allegedly damaged Litex's ability to license its patents, sell its product, achieve a sale of its company, and/or acquire additional funding to support its business enterprise.

13. On November 10, 2003, Judge Tauro recused himself as the presiding judge and Judge Young assumed responsibility for *Litex I*.

### The parties settled *Litex I* and exchanged general releases

14. During trial, the parties reached a settlement of *Litex I* and executed a Settlement Term Sheet and Releases on November 11, 2003. The parties agreed to keep the terms of the settlement confidential, and therefore a copy of the settlement agreement and general release will be filed only upon an appropriate order of the Court to protect the confidential nature of the documents.

15. In connection with the settlement, the parties agreed to dismiss *Litex I* in favor of a private, confidential arbitration. The parties also executed general releases as part of the settlement.

16. On November 12, 2003, the parties and Judge Young executed a Stipulation of Dismissal, whereby the parties dismissed all claims and counterclaims with prejudice. In the Stipulation of Dismissal, Judge Young ordered that "[t]his Court shall retain jurisdiction for the purpose of enforcing the parties' settlement." *See* Ex. A.

17. Following the settlement and dismissal of *Litex I*, the parties arbitrated their dispute in the spring of 2004.

18. On September 7, 2004, the arbitrator issued his decision. Delphi has fully complied with the arbitrator's decision.

### Litex is threatening to file suit against Delphi in California state court

19. On March 1, 2005, Delphi received a letter and a draft complaint from the law firm of Dorsey & Whitney LLP, new counsel for Litex, in which Litex threatened to file a lawsuit in California state court (the "California Action"). In the California Action, Litex intends

4

to allege the same facts that formed the basis for its damages claim in *Litex I* and in the arbitration to which the parties agreed. The "facts" asserted by Litex in the California Action allegedly occurred *before* the dismissal of *Litex I* and *before* Litex executed the settlement agreement and general release in *Litex I*, and thus Litex was well aware of these factual allegations during *Litex I* and during the arbitration.

20. Because the correspondence and draft complaint in the California Action refer to and rely upon confidential information subject to the Protective Order entered in *Litex I*, a copy of Litex's counsel's letter and draft complaint will be provided only upon an appropriate order of the Court to protect the confidential nature of the information at issue.

21. Litex intends to assert in the California Action the same operative set of facts that formed the basis for its damages claim in *Litex I* and in the binding arbitration proceeding that the parties agreed to in connection with the settlement of *Litex I*. Once again, Litex intends to assert that Delphi's press releases, statements in its annual reports, and alleged discussions with other automotive companies allegedly damaged Litex's ability to license its patents, sell its product, achieve a sale of its company, and/or acquire additional funding to support its business enterprise. These factual allegations are the same in every material respect as the factual allegations upon which Litex relied in support of its damage claim in *Litex I* and in the parties' binding arbitration.

## COUNT I
### (*Declaratory Judgment*)

22. Delphi repeats and realleges the allegations contained in paragraphs 1 to 21 as if set forth fully herein.

23. As part of the settlement of *Litex I*, Delphi and Litex executed a settlement agreement and general release, pursuant to which the parties mutually released each other from

all claims, with the exception of the claims that the parties agreed to submit to binding arbitration.

24. The arbitrator has issued his decision in the binding arbitration to which the parties agreed, and Delphi has fully complied with the arbitrator's decision.

25. In its counsel's letter dated March 1, 2005 and the draft complaint it sent to Delphi, Litex has threatened to file suit against Delphi and to assert various claims in the California Action that rely upon the same allegations asserted by Litex in *Litex I* and in the binding arbitration agreed upon by the parties. Litex's actions in this regard violate the terms of the parties' settlement and general release. Furthermore, Litex's claims in the California Action are barred due to the Stipulation of Dismissal (with prejudice) entered in *Litex I* and the binding decision issued by the arbitrator. Additionally, Litex's claims in the California Actions are barred by the doctrines or statutes of repose, including collateral estoppel, accord and satisfaction, among others.

26. An actual controversy exists between Delphi and Litex regarding the claims that Litex has threatened to assert in the California Action. Delphi reasonably apprehends that Litex intends to act in violation of the parties' settlement and general releases.

27. Delphi respectfully requests that this Court order and declare that Litex's threatened action in the California Action violates the terms of the parties' settlement and general release, and that Litex's claims in the California Action are barred due to the Stipulation of Dismissal (with prejudice) entered in *Litex I* and the binding decision issued by the arbitrator.

### COUNT II
*(Breach of the Stipulation and Protective Ordered entered in Litex I)*

28. Delphi repeats and realleges the allegations contained in paragraphs 1 to 27 as if set forth fully herein.

6

29. The Stipulation and Protective Order agreed to by the parties and entered by the Court in *Litex I* provides that Confidential and Confidential-Attorneys Eyes Only Information "shall be used only for purposes of [*Litex I*]." *See* Ex. B, ¶ 8. The Protective Order further provides that "Confidential Information or Confidential – Attorneys Eyes Only Information shall not be used for any competitive, commercial, business, research and development purpose or for the purpose of filing and prosecuting a patent application *or litigating any second action*." *Id.* (emphasis added).

30. The Protective Order states that it "shall survive the final conclusion of [*Litex I*] and the Court shall have jurisdiction to enforce this Protective Order beyond the conclusion of [*Litex I*], unless this Order is vacated," which it was not.

31. Litex is using the Confidential Information disclosed in *Litex I* to litigate a second action, in violation of the Protective Order entered in *Litex I*.

32. Furthermore, the Protective Order limited access to the Confidential Information exchanged in *Litex I* to certain parties, including "outside counsel for any party . . . provided that they are (a) assisting in the prosecution or defense of [*Litex I*]." *See* Ex. B, ¶ 4(a).

33. Litex's counsel in the threatened California Action – Dorsey & Whitney – was not outside counsel to Litex in *Litex I*, did not assist in the prosecution or defense of *Litex I*, and did not sign the Protective Order entered in *Litex I*. However, it is clear from a review of Litex's draft Complaint in the California Action that Litex has provided Confidential Information to its new counsel, in violation of the Protective Order.

34. Litex has violated the terms of the Protective Order, and Delphi has suffered damages as a result.

**WHEREFORE,** Delphi respectfully requests that the Court enter judgment in its favor and against Litex on all Counts herein, and enter an Order:

(a) Declaring that Litex's threatened actions in the California Action violate the terms of the parties' settlement and general release;

(b) Declaring that Litex's claims in the California Action are barred due to the parties' settlement agreement and general release in *Litex I*, the Stipulation of Dismissal (with prejudice) entered in *Litex I*, the binding decision issued by the arbitrator in the arbitration agreed upon by the parties in connection with the settlement of *Litex I*, and/or other applicable doctrines or statutes of repose;

(c) Declaring that Litex has violated the terms of the Protective Order entered in *Litex I*;

(d) Awarding Delphi the damages it has suffered as a result of Litex's violation of the terms of the Protective Order entered in *Litex I*;

(e) Awarding Delphi the attorneys' fees and costs that it has incurred as a result of Litex's threatened actions in the California Action and as a result of Litex's violation of the Protective Order entered in *Litex I*; and

(f) Such other relief as this Court may deem just and appropriate.

Respectfully submitted,

**DELPHI CORPORATION**

By its attorneys,

*/s/ Matthew C. Hurley*
H. Joseph Hameline, BBO # 218710
Matthew C. Hurley, BBO # 643638
Geri L. Haight, BBO # 638185
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

Dated: March 4, 2005

LIT 1508012v1